IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EDWIN BONILLA<br>A/K/A OMAR RUBIO<br>1815 17th Street, NW, Apt. B2<br>Washington, DC 20009<br><br>PLAINTIFF<br><br>v.<br><br>TONO, INC.<br>D/B/A TONO SUSHI RESTAURANT<br>2605 Connecticut Avenue, NW<br>Washington, DC 20008<br><br>  Serve: National Registered Agents, Inc.<br>    11090 Vermont Avenue, NW<br>    Suite 910<br>    Washington, DC 20005<br><br>DEFENDANT. | * * * * * * * * * * * * * * * * * * * * | Case No.: |

## COMPLAINT

Plaintiff Edwin Bonilla a/k/a Omar Rubio ("Plaintiff"), by and through his undersigned counsel, hereby submits his Complaint against Defendant Tono, Inc. d/b/a Tono Sushi Restaurant ("Defendant") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and for unpaid overtime wages and damages under the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the District of Columbia. Plaintiff's consent to participate in a collective action under the FLSA is attached hereto as Exhibit 1.

2. Defendant is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia.

3. At all times during Plaintiff's employment, Defendant served food products that originated and otherwise traveled outside of the Washington, D.C. and the United States and thus Defendant was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

4. On information and belief, each year during Plaintiff's employment, Defendant's gross revenue exceeded $500,000.00 and thus Defendant qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

5. At all times during Plaintiff's employment with Defendant, Plaintiff was an individual employee who, while engaged in his employment duties, handled, sold, and otherwise worked on goods and materials (namely food products) that were moved in or produced for commerce thus Plaintiff was an individual employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

6. At all times during Plaintiff's employment period, Defendant was Plaintiff's "employer" for purposes of the FLSA and DCMWA.

7. This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

8. Plaintiff was employed by Defendant, continuously, from at least June 30, 2010 through about July 15, 2012.

9. At all times during Plaintiff's employment, Plaintiff worked for Defendant as a full time employee.

10. While in Defendant's employ, Plaintiff primarily performed work duties for Defendant as a food preparer at Defendant's Tono Sushi Restaurant located in Washington, DC.

11. The FLSA and DCMWA require employers to keep accurate employment records reflecting the hours employees work and the rate and method at employees are paid. *See* 29 U.S.C. § 211(c); D.C.Code 32–1008(b).

12. If an employer fails to keep accurate employment records, an employee with an FLSA or DCMWA claim may satisfy his burden by proving that he has in fact performed work for which he was improperly compensated and producing sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946)).

13. In such a situation where the employer has failed to keep accurate employment records, the burden shifts to the employer to show the exact amount of work performed by plaintiffs or to negate the reasonableness of the inference derived from plaintiffs' evidence. *Anderson*, 328 U.S. at 687–688.

14. If an employer fails to produce evidence to rebut the employee, the Court may award damages, even if the award is only approximate. *Anderson*, 328 U.S. at 687–688.

15. On information and belief, during the course of Plaintiff's employment with Defendant, Defendant failed to keep or maintain accurate records recording the number of hours Plaintiff worked each week and the rate at which Plaintiff was compensated.

16. Plaintiff does not have, in his possession, documents reflecting the exact number of hours that he worked each week, but it is Plaintiff's reasonable estimation and belief, based on first hand knowledge, that at all times during Plaintiff's employment, Plaintiff typically worked about sixty (60) hours per week.

17. At all times during Plaintiff's employment, Defendant had knowledge that Plaintiff typically worked about sixty (60) hours per week and suffered or permitted Plaintiff to work about sixty (60) hours per week.

18. At all times during Plaintiff's employment, Defendant paid Plaintiff at the rate of $10.00 per hour for all hours Plaintiff worked each week including hours worked each week in excess of forty (40).

19. Pursuant to the FLSA and DCMWA, Defendant should have paid Plaintiff at the rate of one-and-one-half (1½) times his regular rate of pay for all hours worked each week in excess of forty (40).

20. At no time during Plaintiff's employment with Defendant did Plaintiff perform work duties that would make him exempt from the overtime requirement of the FLSA or DCMWA.

21. For each week that Plaintiff worked, Plaintiff is owed unpaid overtime wages in the amount of $100.00 ($10.00 per hour * 1.5 = $15.00 per hour (required OT rate) - $10.00 per hour (rate paid per OT hour) = $5.00 per overtime hour * 20 overtime hours per week = $100.00).

22. The FLSA and DCMWA provide for a three (3) year statute of limitations on Plaintiff's overtime claim. Accordingly, Plaintiff may properly recover unpaid overtime wages back for 156 weeks.

23. For the statutory period for which Plaintiff may recover unpaid overtime wages, Plaintiff is owed unpaid wages in the amount $15,600.00 ($100.00 per week * 156 weeks = $15,600.00).

24. An employer who violates the FLSA and DCMWA overtime provisions are ordinarily "liable to the employee or employees affected in the amount of their unpaid minimum wages ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

25. The award of liquidated damages is mandatory unless "the employer shows to the satisfaction of the court that the act or omission giving rise [to the FLSA action] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260.

26. The good faith defense to liquidated damages requires "an affirmative showing of a genuine attempt to ascertain what the law requires," not simply the absence of bad faith. *Danesh v. Rite Aid Corp.*, 39 F.Supp.2d 7, 13 (D.D.C.1999) (citation omitted).

27. Here, Defendant's failure to pay Plaintiff wages as required by Federal Law and District of Columbia law was not the product of good faith and Defendant had no reasonable grounds for believing its failure to pay Plaintiff overtime compensation at the legal rate was in compliance with Federal or District of Columbia law.

28. Defendant cannot meet its burden of an affirmative showing to avoid the imposition of liquidated damages. As such, in addition to his unpaid overtime wages, Plaintiff is entitled to liquidated damages in an equal amount to his unpaid wages ($15,600.00).

29. The FLSA and DCMWA are "fee shifting" statutes, directing an award of payment of attorney's fees and costs by Defendant to the successful Plaintiff. As such, Plaintiff is entitled to payment, by Defendant, of his attorney's fees and costs.

30. The FLSA provides that a court "***shall***, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b) (emphasis added). In contrast to other fee-shifting statutes where the award of attorney's fees and costs is discretionary with the court, an award of attorney's fees to a prevailing plaintiff in a FLSA case is mandatory. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983).

31. "[A] reasonable fee is the number of hours reasonably expended on the litigation case multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433.

32. The product of a reasonable number of hours times a reasonable hourly rate is known as the "lodestar". *Id.* at 434.

6

33. In the District of Columbia, reasonable hourly rates are based on the schedule or attorney's fee rates originally adopted by this Court in *Laffey v. American Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985), commonly referred to as the "*Laffey* Matrix."

34. In addition to unpaid wages and liquidated damages in an equal amount, Plaintiff is entitled to payment, by Defendant, of his attorney's fees and costs, using the "lodestar method" and applying the "*Laffey* Matrix."

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

35. Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs 1-34 above, as if each were set forth herein.

36. The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half (1½) times the employee's regular rate of pay for all overtime hours worked each week in excess of forty (40).

37. At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendant was Plaintiff's "employer" under FLSA, 29 U.S.C. § 207(a)(2).

38. Defendant, as Plaintiff's employer, was obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times the higher of Plaintiff's regular rate for all hours worked per week in excess of forty (40).

39. As set forth above, while in Defendant's employ, Plaintiff worked many overtime hours each week in excess of forty (40).

40. As set forth above, Defendant failed and refused to compensate Plaintiff properly, and as required by the FLSA, for all overtime hours worked each week in excess of forty (40).

41. Defendant's failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

42. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-41 above, as if each were set forth herein.

43. Plaintiff was Defendant's "employee," and Defendant was Plaintiff's "employer" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

44. Defendant, as Plaintiff's employer under the DCMWA, was obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40).

45. As set forth above, while in Defendant's employ, Plaintiff worked many overtime hours each week in excess of forty (40).

46. As set forth above, Defendant failed and refused to compensate Plaintiff properly, and as required by the DCMWA, for all overtime hours worked each week in excess of forty (40).

47. Defendant's failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff, under Count II, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

_____
Gregg C. Greenberg, Bar No. MD17291
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zipinlaw.com

*Counsel for Plaintiff*